### CHARLES MASON JOHNSTONE vs. GEORGE KELLY.*

*Justice of the Peace—Foreign Attachment—Petition for Discharge of Goods—Affidavit—Non-resident—Statute—Constitution of United States—Pleading—Practice.*

1.   In the hearing of a petition for the discharge of goods from attachment, although the affidavit required to be filed by the respondent is not in evidence, yet if the allegations contained therein are set forth in the petition of the complainant and are not denied by answer or otherwise, the Court will proceed in the same manner as if the affidavit had been put in evidence.   It is a rule of pleading that allegations of the petition, bill or declaration not denied by answer, or plea, or otherwise, are to be taken as true.

2.   A State statute denying to a non-resident, a citizen of another State, a remedy given to a citizen of this State, would be void under the Constitution of the United States.

3.   Even though it does not appear from the affidavit whether the plaintiff was or was not a non-resident, yet if that was a material fact, ample power to investigate it is given by the Act under which the petition is filed.

*Note.—The above case was decided in the  Orphans' Court, and is believed to be of such importance and interest to  the bar, that it should appear in the law reports of the State.

4. The amendment, *Chapter* 239, *Vol.* 24, *Laws of Delaware,* to *Chapter* 340, *Volume* 16, *Laws of Delaware*, gives the right to take foreign attachment before a Justice of the Peace to any person without regard to his residence. The words "any action now authorized by law to be brought before justices of the peace" referred to the cases of actions as to which justices of the peace have jurisdiction, under *Section* 1 *of Chapter* 99 of the *Revised Code*.

*(September 2, 1908.)*

SPRUANCE, J., sitting.

*David J. Reinhardt* for plaintiff.

*Philip L. Garrett* for defendant.

Orphans' Court, New Castle County, March Term, 1908.

PETITION for discharge of goods from attachment.

SPRUANCE, J.:—This proceeding is taken under *Chapter* 532, *Volume* 16., *Laws of Delaware* (*Revised Code p.* 788).

The respondent insists that the Judge has no jurisdiction because, *first*, he is confined by the statute to the investigation of the allegations contained in the affidavit filed by the respondent on which the attachment was issued. *Second.* That no such investigation can be made as said affidavit was not offered in evidence.

While the affidavit was not in evidence, its allegations were set forth in the petition of the complainant and were not denied by answer or otherwise, but were at the hearing admitted to be true. It is a rule of pleading that the allegations of a petition, bill or declaration not denied by answer, or plea, or otherwise, are to be taken as true. I am therefore fully informed as to the allegations of the affidavit and will proceed in the same manner as if the affidavit had been put in evidence.

The petitioner rests his claim for relief solely on the ground that the plaintiff, Kelly, at the time of making said affidavit, and

issuing said attachment, was, and now is a non-resident of this State, and was and is a resident of the State of Pennsylvania, and he insists that a foreign attachment cannot be issued at the suit of a non-resident.

A State statute denying to a non-resident, a citizen of another State, a remedy given to a citizen of this State, would be void under the Constitution of the United States. *Black vs. Seal*, 6 *Houst.*, 541.

While it does not appear by said affidavit whether the plaintiff was or was not a non-resident, yet if that was a material fact, I am of the opinion that ample power to investigate it in this proceeding is given by the Act under which this petition is filed.

However this may be, if the question of the residence of the plaintiff is not material, any inquiry as to it would be useless.

I find nothing in the acts on which the petitioner relies, to justify his contention that a foregin attachment cannot be issued at the suit of a non-resident.

*Chapter* 340, *Volume* 16, *Laws of Delaware*, (*Revised Code*, *p.* 723) prohibited the bringing of civil actions against persons not residing in the hundred in which the justice resides, or in an adjoining hundred, provided however, that a resident of any hundred, who has resided there for sixty days, may bring action before any justice residing in said hundred against any person residing in any other hundred.   As this Act limited the jurisdiction of justices in civil actions against persons residing in some hundred in the county, the Superior Court held that justices had no power to issue writs of foreign attachment, as said writs could be issued against non-residents only.

To remedy this, the said last mentioned Act was amended by *Chapter* 239, *Volume* 24, *Laws of Delaware*, *p.* 644, by inserting in the fourth section of said Act the following additional proviso:

"And further provided that nothing in this Act shall deter any person from bringing any action, now authorized by law to be brought before justices of the peace, before any justice of the peace of said New Castle County, against any non-resident of the State of Delaware."

The right to take foreign attachment was thus given to "any person," without regard to his residence.

The words "any action now authorized by law to be brought before justices of the peace" obviously refer to the causes of action as to which justices of the peace have jurisdiction under *Section 1 of Chapter 99 of the Revised Code, p. 740*, as amended.

With the question as to the ownership of the goods attached I have nothing to do in this proceeding. That question can be properly determined by the verdict of a jury in an action of replevin.

The prayer of the said petition is therefore denied and the said petition is dismissed, and the said petitioner, Charles Mason Johnstone, is ordered to pay the costs of these proceedings in thirty days or attachment.